IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVERY T. WILLIAMS, | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | No.  3:13-CV-4557-G-BH |
| | ) | |
| RISSIE OWENS, et. al,, | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management.  Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous.

## I.  BACKGROUND

Ivery T. Williams (Plaintiff), a former state inmate now on parole, brings this action under 42 U.S.C. § 1983 against Rissie Owens, the Chairwoman of the Texas Board of Pardons and Paroles (BPP); Rick Thaler, the former director of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID); State Judge Don Adams, in their individual capacities; the TDCJ-CID; and the BPP.  (Compl. at 1; Magistrate Judge's Questionnaire Answer "MJQ Ans." 1-3).[1]  He claims that Owens, Thaler, the TDCJ and the BPP have violated a number of his constitutional rights in connection with his sentences, his parole, and previous denials of parole.  Plaintiff also asserts that his constitutional rights have been violated because he is required to register as a sex offender. (Compl. at 4-5; MJQ Ans. 1, 2, 4, 5-7).  He asserts that Judge Adams failed to properly review his state habeas application, filed on October 22, 2012. (Compl. at 6; MJQ Ans. 3).  He seeks a pardon and monetary damages. (MJQ Ans. 8).  No process has been issued in this case.

---

[1]  Plaintiff's answers to the questionnaire constitute an amendment to the complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## II.  PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  That section provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted.  *Id.*

## III.  SECTION 1983

Plaintiff brings this action under § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To

state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

## A. <u>Failure to State a Claim</u>

Plaintiff seeks a full pardon (MJQ Ans. 8).  The Governor of Texas, based upon a recommendation of a majority of the BPP, may grant clemency. TEX. CONST., ART. IV, § 11; TEX. CODE CRIM. PRO. ANN. Art. 48.01.  There is, however "no federal constitutional right to a clemency pardon." *See Cloud v. Cockrell*, 2003 WL 21448351, at *3 (N.D.Tex. Mar.27, 2003); *see also Connecticut Bd. of Pardons v. Dumschat* , 452 U.S. 458, 464 (1981) (holding that the power vested in a BPP to commute a sentence confers no federal constitutional right to a commutation).  Relief may be had under § 1983 only for an alleged deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States.  Therefore, Plaintiff fails to state a cause of action upon which relief may be granted on his claim for a pardon.

## B. <u>Eleventh Amendment Immunity</u>

Plaintiff sues the TDCJ and BPP, claiming that they have violated his constitutional rights in numerous respects.

The TDCJ, and the BPP as a division of the TDCJ, are cloaked with Eleventh Amendment immunity. *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).  The Eleventh Amendment states that  "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of

jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001). The State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983, however. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff has not alleged a plausible § 1983 claim against either the TDCJ or the BPP, and his claims against them should be dismissed.

## C.  Judicial Immunity

Plaintiff sues Judge Don Adams in his individual capacity, seeking monetary damages. (MJQ Ans. 3).

The Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Mireles*, 502 U.S. at 11. Because Plaintiff has not alleged that Judge Adams acted without jurisdiction, and his complaint is based solely on acts taken in his role as a judge with respect to Plaintiff's state habeas application, Judge Adams is absolutely immune from the claims for monetary damages asserted against him. *See Nixon*, 457 U.S. at 745–46. Plaintiff's § 1983 claims against Judge Adams should be dismissed.

4

**D. _Heck_ Bar**

Plaintiff sues Owens and Thaler in their individual capacities, seeking monetary relief for his allegedly unconstitutional incarceration and subsequent parole resulting from an incorrect computation of his sentences, revocation of his parole, and denials of parole.  (MJQ Ans. 1, 2).

When a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, _Heck v. Humphrey_ provides that the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. 512 U.S. 477, 486-87 (1994).  _Heck_ applies to claims seeking declaratory and injunctive relief as well as those seeking damages.  _Shabazz v. Franklin_, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing _Edwards v. Balisok_, 520 U.S. 641, 648 (1997); _Clarke v. Stalder_, 154 F.3d 186, 190-91 (5th Cir. 1998)).

_Heck_ applies to challenges regarding the fact or duration of parole.  _Littles v. Board of Pardons & Paroles Div._, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); _Jackson v. Vannoy_, 49 F.3d 175, 177 (5th Cir. 1995) (per curiam); _McGrew v. Texas Bd. of Pardons & Paroles_, 47 F.3d at 161. Because _Heck_ applies to Plaintiff's claims, he must demonstrate that his allegedly improper incarceration and subsequent parole  has been reversed, invalidated, or expunged prior to bringing this action under § 1983.  Because he has failed to make this showing, his claims under § 1983 for damages are not cognizable at this time.

Plaintiff acknowledges that his previous challenge to his incarceration based on  numerous previous convictions was dismissed without prejudice pursuant to _Heck_. (MJQ Ans. 1, 2); _see_

*Williams v. Owens, et. al*, No. 2:09-cv-061-J (N.D. Tex. May 22, 2009).  While he has now been released on parole, he has not demonstrated that any of his convictions or sentences have been reversed, invalidated, or expunged.  Therefore, his claims regarding the fact and duration of his parole are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met."  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Balisok*, 520 U.S. at 649. *Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

**E.  Frivolousness**

Finally, Plaintiff complains that his rights were violated because he is required to register as a sex offender and because he was not provided counsel at the classification hearing in which he was classified as a sex offender. (MJQ Ans. 5, 7).  He contends that he should not be subject to sex offender registration because he was convicted of a sex offense before this registration requirement was enacted.  (*Id.*)  He appears to acknowledge, and the record reflects, that he was convicted of rape in 1965 and sentenced to life imprisonment.  (Compl. at 4; *see* www.dallascounty.org, W64-08430C).

Texas inmates have no constitutionally protected right to parole because the relevant Texas statutes do not create an expectation of release that would implicate due process considerations. *Orellana v. Kyle,* 65 F.3d 29 (5th Cir.1995).  Therefore, Texas parolees generally cannot complain of the constitutionality of procedural devices, such as conditions of parole, that are attendant to parole decisions.  *Morrison v. Brown*, 199 F.3d 438 (5th Cir. 1999), *citing Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  The Fifth Circuit has recognized an exception for parolees who are required to register as sex offenders but who have never been convicted of a sex offense, finding that they are

entitled to certain procedural due process because they have a liberty interest in being free from sex offender registration. *Meza v. Livingston*, 607 F.3d 392, 401-02 (5th Cir. 2010); *see also Coleman v. Dretke (Coleman I)*, 395 F.3d 216, 223-24 (5th Cir. 2004). The Fifth Circuit has also held that a parolee who has been convicted of a sex offense may be required to comply with sex offender parole conditions without any additional due process above and beyond the process he was afforded at his sex assault trial. *Jennings v. Owens*, 602 F.3d 652, 658-59 (5th Cir. 2010).

In *Jennings*, the Fifth Circuit rejected the argument made by Plaintiff here. It found that a plaintiff who had been convicted of a sex offense had no liberty interest that was violated when the parole board imposed sex offender special conditions on his parole, even where he had been convicted of the sexual assault in 1979, but the specific sex offender conditions were not placed on him until 2005. *Id.* at 659. Accordingly, Plaintiff's claims that his constitutional rights were violated because he is required to register as a sex offender and because the scope of his classification hearing was limited are frivolous and should be dismissed.

## IV.  RECOMMENDATION

The Court should **DISMISS** the complaint with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 3rd day of March, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7

**INSTRUCTIONS FOR SERVICE AND**

**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ

UNITED STATES MAGISTRATE JUDGE

8