IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IVERY T. WILLIAMS, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:13-CV-4557-G-BH |
| ) | |
| RISSIE OWENS, et. al,, ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Before the Court is the plaintiff's *Amended Complaint*, received on March 18, 2014. (doc. 15). Based on the relevant filings and applicable law, the pleading should be liberally construed as a motion for leave to amend or a motion for relief under Rule 60(b) and **DENIED**.

**I. BACKGROUND**

On November 14, 2013, the plaintiff filed a civil complaint, suing Rissie Owens, the Chairwoman of the Texas Board of Pardons and Paroles (BPP); Rick Thaler, the former director of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID); and State Judge Don Adams, in their individual capacities; the TDCJ-CID; and the BPP. (Compl. at 1; Magistrate Judge's Questionnaire Answer "MJQ Ans." 1-3.) He claimed that Owens, Thaler, the TDCJ and the BPP had violated a number of his constitutional rights in connection with his sentences, his parole, and previous denials of parole. The plaintiff also asserted that his constitutional rights had been violated because he is required to register as a sex offender and was not provided counsel at the sex offender classification hearing.

On March 3, 2014, it was recommended that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and 1915(e)(2)(B)(i). (doc. 11.) The plaintiff's

objections to the recommendation, mailed on March 10, 2014, were received on March 12, 2014. (doc. 12.) On March 13, 2014, the Court accepted the recommendation, dismissed the plaintiff's complaint as frivolous, and entered judgment against him. (*See* docs. 13,14). On that same day, the plaintiff mailed his amended complaint, which was received on March 18, 2014. (doc. 15.) It presents additional argument and evidence in support of the plaintiff's civil case, including several affidavits from other former inmates, and documents from the BPP. (doc. 15 at 8-14).

## II.  MOTION FOR LEAVE TO AMEND

The plaintiff's amended complaint is liberally construed as a motion for leave to amend his complaint.

**A.     Pre-judgment Motion**

To the extent that the motion is considered filed before the entry of judgment, based on the mailing date, leave should be denied as futile. When a responsive pleading has not been filed, Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it, and otherwise with either the opposing party's written consent or the court's leave. Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment,

2

or if the amendment is futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

In his motion for leave to amend, the plaintiff re-urges the same arguments against the same defendants that he raised in his initial complaint, which was dismissed because: (1) he sought a pardon, relief that cannot be granted by a federal court; (2) he sued defendants who are immune from suit; (3) he had no liberty interest that was violated when the parole board imposed sex offender special conditions on his parole because he was convicted of a sex offense; and (4) his claims challenging the fact and duration of his confinement and parole are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), where he has not shown that his allegedly improper incarceration has been reversed, invalidated, or expunged.  (*See* doc. 11).  The plaintiff's motion and amended complaint identify no additional defendants or arguments that would overcome the dismissal on these bases.  Therefore, any amendment would be futile.

**B.      Post-judgment Motion**

A post-judgment motion to amend a complaint may only be granted if a judgment is first vacated under Rule 59 or 60, and it should be denied unless a plaintiff clearly establishes that he could not raise the new evidence or argument prior to judgment.  *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000).  Here, the plaintiff has failed to show that he could not present his new evidence and argument in his initial complaint, in his answers to the Court's questionnaire, or in his objections to the findings and recommendation.  Any post-judgment motion for leave to amend is therefore subject to denial, even if he could meet the requirements for relief under Rule 60.

### III.  RULE 60(B) MOTION

Because the plaintiff's pleading was filed after judgment was entered in this case, this Court may also construe it as a Rule 60(b) motion for relief from judgment. Rule 60(b) provides that, upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6).

The plaintiff does not allege mistake or fraud, and he does not assert that the judgment is void or that it has been reversed or vacated.  He does appear to allege that the judgment should be vacated based on newly discovered evidence.  However, the evidence is not newly discovered.  In his complaint, plaintiff sought a full pardon and monetary damages for his allegedly unconstitutional incarceration and subsequent parole resulting from an incorrect computation of his sentences, revocation of his parole, and denials of parole.  He also complained that his rights were violated because he is required to register as a sex offender and because he was not provided counsel at the classification hearing in which he was classified as a sex offender. (MJQ Ans. 1, 2, 5, 7).  As noted, his case was dismissed because a pardon cannot be granted by a federal court, he sued defendants who are immune from suit, he had no liberty interest that was violated when the parole board imposed sex offender special conditions on his parole as a sex offender, and his claims challenging the fact and duration of his confinement and parole are barred by *Heck*. (*See* doc. 11).  The plaintiff

4

has not submitted newly discovered evidence that calls the judgment in this case into question.

The plaintiff has also not shown that he is entitled to relief from judgment under Rule 60(b)(6) for any other reason.  In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion under 60(b)(6): (1) that final judgments should not  lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

The plaintiff's amended complaint essentially re-urges the same issues raised in his complaint, which was decided on its merits.  While he disagrees with the decision, he was given a fair opportunity to present all of his claims.  Furthermore, the plaintiff has appealed the judgment in this case and may make these arguments on appeal. (doc. 16).  He has therefore not shown that he is entitled to relief from the judgment.  Any Rule 60(b) motion should be denied.

## IV.  RECOMMENDATION

The plaintiff's *Amended Complaint*, received on March 18, 2014. (doc. 15), whether construed as a pre-judgment or post-judgment motion for leave to amend his complaint, or a Rule 60(b) motion, should be **DENIED**.

5

**SIGNED this 10th day of April, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE